IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-392-BO

| | | |
|---|---|---|
| ZELINKA HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 26, 28]. A hearing on this matter was held in Elizabeth City, North Carolina on May 7, 2014 at 11:30 a.m. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

On October 21, 2010, Ms. Harvey protectively filed an application for disability insurance benefits under Title II of the Social Security Act. Plaintiff alleges disability beginning on November 20, 2006, due to back, knee, and ankle pain. The application was denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on June 15, 2011 and the ALJ issued a decision denying the claims. On March 29, 2013, the Appeals Council denied review thereby rendering the ALJ's decision the final decision of the Commissioner. Petitioner now requests judicial review pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

Ms. Harvey suffers from several severe impairments as found by the ALJ: degenerative disc disease of the lumbar spine, degenerative joint disease of the right hip and right knee, a pain disorder and an adjustment disorder. Plaintiff alleges that she became disabled following a trip and fall at work injuring her back, right knee, and right ankle on November 20, 2006. [Tr. 22, 92]. Plaintiff was diagnosed and treated for right sacral pain, but X-rays of the right knee, right hip, and ankles were essentially normal. [Tr. 305–06, 309–10]. Follow up revealed there to be no distress, intact neuro and sensory, and no motor deficits. [Tr. 301–04]. Plaintiff was treated at the ER in December 2006 and complained of back pain and atypical chest pain. [Tr. 428–40]. Shortly thereafter her back was found to be normal with no tenderness. [Tr. 430].

Plaintiff received orthopaedic treatment from November 2006 – June 2007 for low back pain, a right knee contusion and a right ankle sprain. [Tr. 314–24, 339]. In January 2007, her treating physician, Dr. Summers, opined that her low back strain aggravated the pre-existing knee arthritis and ankle sprain, but noted that all of her injuries should have improved with the conservative treatment she received, but that she failed to participate fully, complained of symptoms that were not present, and was subjectively over-reactive to pain. [Tr. 317–20]. By the end of that month, Dr. Summers opined that she could return to regular duty at work. [Tr. 321].

Plaintiff received a second opinion from Dr. Charron who ordered an MRI and steroid injections. [Tr. 322]. Plaintiff was then treated for her pain by Dr. Lestini who opined that she could return to work for four hours per day for two weeks, six hours per day for the following two weeks and eight hours per day thereafter. [Tr. 374–75, 392–94, 412]. Plaintiff then underwent a cycle of treatment, improvement, and a return of symptoms. [Tr. 323–24, 329–38, 344–70, 402–04, 408]. In February 2008, plaintiff's attorney refered her to Dr. Wright, who

2

opined that she had not improved since 2006, but that physical inactivity, chronic opioids, tranquilizers, injections, and surgery would not be helpful. [Tr. 494–96]. In October 2008, Dr. Lestine continued Dr. Wright's suggested treatment and rejected plaintiff's request for narcotics. [Tr. 400]. Plaintiff continued treatment into 2011, but no notable changes in her treatment and/or condition occurred.

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cit. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Plaintiff alleges that the ALJ erred by not addressing the third party statements from Ms. Harvey's family members. Defendant concedes that the ALJ erred by not addressing the specific statements, but argues that the error was harmless as the ALJ did address the concerns raised in the statements. The third party statements were repetitive of plaintiff's own testimony: that she no longer went to family functions or visited friends, they came to her; that her family members helped her with her children and household chores; that plaintiff cannot move as fast as she used

3

to due to pain; and that certain sitting positions tended to produce backaches in plaintiff. [Tr. 211, 214]. Because the information contained in the third party statements aligned with plaintiff's own testimony and the extensive medical evidence in the record, it was clearly harmless. Even considering that information explicitly, the Court finds that there is no question that the ALJ would have reached the same conclusion. Therefore the decision of the Commissioner is supported by substantial evidence in the record. *See Ngarurih v. Ashcroft*, 371 F.3d 182, 190 n.8 (4th Cir. 2004) (reversal is not required when the alleged error had no bearing on the substance of the decision); *Mickels v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (Affirm despite error because no question that ALJ would have reached the same result notwithstanding his initial error).

Plaintiff also alleges that the ALJ erred in considering her credibility because she did not fully credit plaintiff's subjective allegations of functional limitations and did not properly articulate her reasons for finding plaintiff not credible. Here, however, the ALJ's credibility determination is also supported by substantial evidence. The ALJ determined that plaintiff's limitations were neither disabling in nature nor preclusive of her ability to perform work. The ALJ considered the entire record which shows that plaintiff was capable of completing a rather full range of daily living functions within the constraints of her impairments. Further the record shows that while plaintiff experienced some degree of pain and discomfort, there is no evidence to support that she suffered from severe, intractable pain. Two separate doctors opposed giving plaintiff narcotic medication, plaintiff failed to follow through on her physical therapy plan, and plaintiff's doctors noted that she tended to exaggerate pain symptoms. The ALJ clearly discussed all of this information and more in her opinion and based her credibility determination on the

substantial evidence in the record. Accordingly, the ALJ did not err in making her credibility determination.

Because substantial evidence supports the decision of the Commissioner, the Court affirms that decision.

## **CONCLUSION**

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the __9__ day of May 2014.

                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE